**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAHID NOOR, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>BETZ-MITCHELL ASSOCIATES, INC.,<br><br>     Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**AMENDED CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHAHID NOOR (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant BETZ-MITCHELL ASSOCIATES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

1

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the FDCPA which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business in Westbury, NY.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

   • All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to an unidentified creditor and falsely implying that the consumer may not dispute the debt over the phone or for any reason other than (1) prior payment or (2) insurance coverage, in which Defendant improperly attempted to collect an alleged debt in violation of 15 U.S.C. §1692 *et seq.*

   • The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO PLAINTIFF SHAHID NOOR

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to October 2, 2016, an obligation was allegedly incurred by Plaintiff to an unknown creditor.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. The unknown creditor, directly or through an intermediary, allegedly contracted Defendant to collect its debt.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. In its effort to collect on the obligation, Defendant contacted Plaintiff by written correspondence dated May 5, 2017.  (**Exhibit A**).

20. Upon information and believe, the letter was the first communication between the Defendant and Plaintiff with regards to the alleged debt.

21. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. The letter stated "Hospital Name: Montefiore New Rochelle Op Prim."

23. The letter further stated "we have been engaged by the above referenced creditor to collect past due accounts."

24. The letter did not state or identify the "above referenced creditor" or the "creditor" to whom the alleged obligation was owed.

25. Lastly, the letter stated in part:

It is important that you make payment in full of the overdue balance.

5

If your account has already been paid, please provide us with a copy of your proof of payment, such as the cancelled check, money order receipt, payment receipt or explanation of benefits from your insurance carrier.

If your account has not been paid, you may forward your check or money order or credit card as indicated below.

If you have (had) valid insurance for the dates of service that you believe covers these charges, please complete the insurance information section on the back of the return portion of this notice.

You may use enclosed, postage paid envelope and bottom portion of this notice to forward your payment or correspondence.

26. Following this sentence and on the reverse side of the letter, Defendant expressed the 30-day validation notice required by law.

27. Putting the above sentence before, or on a completely different part of the letter, the 30-day validation notice, leaves the Plaintiff, a least sophisticated consumer, unsure as to how to properly move forward with the dispute of the alleged debt.

28. The above statement obscured and diminished the thirty-day FDCPA validation rights of the Plaintiff.

29. There is a risk of real harm associated with the Defendant's deceptive and misleading collection practices.

30. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing Miller v. Payco–General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991).

31. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

32. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

33. Once a consumer makes a timely, notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

34. Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would be limited to disputing the debt in writing, may not dispute it orally, and only for the limited reasons of (1) insurance coverage of the debt or (2) prior payment of the debt.

35. Furthermore, the Letter was "deceptive" because "it can reasonably be read to have two or more different meanings, one of which is inaccurate" because the consumer could reasonably read the letter to permit a dispute of the debt by calling. Caprio 709 F.3d 151-152.

36. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

37. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

38. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

41. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

42. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

43. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

44. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

45. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

46. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

47. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

48. The first line of Defendant's letter states, "we have been engaged by the above referenced creditor to collect past due accounts."

49. Defendant's "above referenced creditor" or the "creditor" is not identified in the letter.

50. The letter fails to identify the relationship, if any, between "Montefiore New Rochelle Op Prim" and Plaintiff's alleged creditor.

51. The letter fails to identify any "creditor."

52. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

53. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

54. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

55. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

56. Defendant has violated § 1692g as it failed to clearly and explicitly convey the creditor to whom the debt is owed.


**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Rights of the Consumer**

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

60. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

9

61. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

62. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately provide the consumer with statutorily mandated information notifying them of their rights is unfair and deceptive to the least sophisticated consumer.

63. Because the collection letter in the instant case omits important information and may lead the consumer to act in a way contrary to his best interests, it is deceptive within the meaning of 15 U.S.C. § 1692e.

64. The least sophisticated consumer would likely be deceived by Defendant's conduct.

65. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

66. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.


### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### OVERSHADOWING

67. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "66" herein with the same force and effect as if the same were set forth at length herein.

68. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

69. A debt collector has the obligation, not just to convey the information required by 15

U.S.C. § 1692g, but also to convey such clearly.

70. Even if a debt collector conveys the required information accurately, the collector

nonetheless violates the FDCPA if that information is overshadowed or contradicted by

other language in the communication, or by other collection activities during the 30-day

validation period following the communication.

71. Even when the letter contains a validation notice, it is still overshadowed if it contains

language that obscures the consumer's validation rights.

72. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector.

73. A collection activity or communication overshadows or contradicts the validation notice

if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

74. In this case, when confronted with the Defendant's letter, which made the below

statements, the "least sophisticated consumer" would be uncertain or confused as to her

rights as the statements overshadow and contradict the Plaintiff's right to dispute the debt

orally, and for any reason other than those enumerated, and thus violates the Act.

75. The letter stated in part:

It is important that you make payment in full of the overdue balance.

If your account has already been paid, please provide us with a copy of your proof
of payment, such as the cancelled check, money order receipt, payment receipt or
explanation of benefits from your insurance carrier.

If your account has not been paid, you may forward your check or money order or
credit card as indicated below.

If you have (had) valid insurance for the dates of service that you believe covers
these charges, please complete the insurance information section on the back of
the return portion of this notice.

You may use enclosed, postage paid envelope and bottom portion of this notice to forward your payment or correspondence.

76. The said statements imply that contacting the Defendant's representatives in writing is exclusively to make payment on the debt or to dispute the debt strictly for reasons of (1) prior payment or (2) insurance coverage compensating for the debt; and that the debt may not be disputed orally, or for any reasons other than those enumerated.

77. The said statements contradict the validation notice in that they would make the least sophisticated consumer uncertain or confused as to his right to dispute the debt orally.

78. The said statements contradict the validation notice in that they would make the least sophisticated consumer uncertain or confused as to his right to dispute the debt for any reason on than for (1) prior payment or (2) insurance coverage compensating for the debt.

79. The instructions that the Plaintiff provide Defendant with either proof of payment of the debt or proof of valid insurance covering the period of the services provided is confusing and would leave the least sophisticated consumer uncertain as to his or her option to effectively dispute a debt, and to dispute it for other reasons.

80. Such statements individually are violations of 15 U.S.C. § 1692g as they interfered with the debt collector's obligation to clearly, explicitly and unambiguously convey the validation notice.

81. Such statements together, when reading the letter in its entirety, would likely make the "least sophisticated consumer" uncertain or confused as to her rights and thus undoubtedly overshadow the 15 USC §1692(g) requirements.

82. Such statements together, when reading the letter in its entirety, are a violation of 15 U.S.C. § 1692g as they interfered with the debt collector's obligation to clearly, explicitly

and unambiguously convey the validation notice.

83. Defendant's conduct violates 15 U.S.C. § 1692g.

84. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct
violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs
and attorneys' fees.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Rights of the Consumer**

85. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs
numbered "1" through "84" herein with the same force and effect as if the same were set
forth at length herein.

86. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or
misleading representation or means in connection with the collection of any debt.

87. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and
does not preclude a claim of falsity or deception based on non-enumerated practice.

88. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with
complete and accurate information notifying them of their rights and obligations is
unfair and deceptive to the least sophisticated consumer.

89. Collection notices are deceptive if they can be reasonably read to have two or more
different meanings, one of which is inaccurate.

90. The question of whether a collection letter is deceptive is determined from the
perspective of the "least sophisticated consumer."

91. Because the collection letter in the instant case was reasonably susceptible to an
inaccurate reading concerning Plaintiff's right to dispute the debt by something other
than in writing and for reasons other than those enumerated, it is deceptive within the

meaning of the FDCPA.

92. When confronted with the above referenced statements, it is reasonable for the least sophisticated consumer to believe that the only reason to write to Defendant's representatives would be to discuss payment arrangement, issue payment, or to dispute the debts either for (1) prior payment or (2) insurance coverage compensating for the debt, only. That is inaccurate since a consumer can also call to orally dispute the debt, and may dispute the debt for reasons other than those enumerated.

93. The Defendant violated 15 USC §1692e by making a misleading statement that would cause the least sophisticated consumer to believe that he or she must contact the Defendant if they carry any insurance that would cover this alleged debt.

94. The Defendant further violated 15 USC §1692e by misleading the least sophisticated consumer to believe that he or she may not dispute the debt over the phone.

95. The Defendant further violated 15 USC §1692e by misleading the least sophisticated consumer to believe that he or she may only dispute the debt for the limited reasons of (1) prior payment of the debt; or (2) insurance coverage that would satisfy the debt, and for no other reason.

96. The least sophisticated consumer would likely be deceived by Defendants' conduct.

97. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

98. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

99. Defendants' conduct violated 15 U.S.C. §1692e.

100.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

(b)     certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 2, 2017

Respectfully submitted,

By:___/s/ *Salim Katach*
Salim Katach, Esq. (SK0924)
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone:  (646) 590-0571
*Attorneys for Plaintiff*

15

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


<u>*/s/ Salim Katach*</u>
Salim Katach, Esq. (SK0924)


Dated: August 2, 2017

16